SCHROEDER, Circuit Judge,
dissenting:
In my view, the district court got this difficult case right. My colleagues have held that Mr. Erler must pay support for his former wife, even though she is living in a household with income above the poverty level for its size. I do not agree.
The majority’s fear is that taking into account the income of other persons in her household, though relieving Mr. Erler of any present obligation, could create a burden for Mr. Erler in the future, if his former wife were to live in a household with income below the poverty level. Thus, Mr. Erler is required to pay now, when her household is not in need, so that he will not have to pay later, when her household may be in need. Mr. Erler has not asked for this speculative future beneficence.
*1181 The district court correctly recognized that requiring him to pay now creates windfall benefits for Mrs. Erler, and depletes the sponsor’s income, thereby putting him and others at risk of becoming public charges in the future. Since the purpose of the Affidavit of Support is to prevent an immigrant from becoming a public charge, see 8 U.S.C. § 1183a(a), the majority’s holding is counterproductive. Hence this respectful dissent.